## Commonwealth ex rel. Biglow *v*. Ashe, Warden, et al.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 3, 1944:

The petition for writ of habeas corpus in this case sets forth that the petitioner, an inmate of the Western Penitentiary, on his plea of guilty, was convicted of forgery and sentenced for not less than two years nor more than four years. Two years have just expired and he has been refused a parole.

The petition admits "that the sentence imposed by Judge BRAHAM (was) valid and lawful . . . ," but avers that he was deprived of a fair and impartial hearing before the Parole Board created under the State Parole Act of August 6, 1941, P. L. 861, 61 PS 331.1 et seq., as amended by the Act of May 27, 1943. The specifications of unfairness and partiality alleged are (1) a member of the Parole Board was formerly affiliated as parole director at the same penitentiary, (2) that he expressed an unfavorable opinion before his hearing, and (3) that while the Act provides that three members shall preside and decide application for parole only two members acted upon his petition. Whether the allegations of the petition, if true, give this prisoner any just cause for complaint, we need not here discuss or decide.

The matters complained of cannot be disposed of in proceedings for a writ of habeas corpus. This court in *Passmore Williamson's Case*, 26 Pa. 9, said, he who seeks release from custody on a writ of habeas corpus must make out "a prima facie case entitling him to be discharged or bailed. But he has no right to demand it who admits that he is in legal custody for an offence not bailable." This petitioner is in legal custody under a valid sentence, and this court cannot review the actions of the Parole Board in denying him a parole after the expiration of the minimum term of sentence; neither can we pass on the fairness and impartiality of the hearing he had before the Parole Board. That is a matter of prison administration over which this court exercises no control.

We have in numerous cases discussed law applicable to the issuing of writs of habeas corpus. See *Com. ex rel. Penland v. Ashe*, 341 Pa. 337, 19 A.(2d) 464, and also *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 24 A.(2d) 1. In the last named case we said that "the writ of habeas corpus should be allowed only when the court or judge is satisfied that the 'party hath probable cause to be delivered'". 3 Blackstone 132. See also *Com. ex rel.*

*Wall v. Smith,* 345 Pa. 512, 516, 29 A.(2d) 912. The petition for writ of habeas corpus here filed does not make out a case of "probable cause" for deliverance from custody.

The writ is refused.