Commonwealth ex rel. DiCamillo, Appellant, *v.* Burke.

Submitted October 10, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Anthony DiCamillo,* appellant, in propria persona, submitted a brief.

*J. Stroud Weber,* District Attorney and *C. Howard Harry, Jr.,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RENO, J., November 12, 1952:

Appellant presented a petition for a habeas corpus to the court below, naming the warden of the Eastern State Penitentiary at Graterford and the Pennsylvania Board of Parole as respondents. The court entered

a rule to show cause and directed that notice thereof be served upon the respondents. The warden filed an answer. In his brief appellant states that, pursuant to the order, he notified the Board of the rule granted by the court, but the Board did not file an answer or appear below or here. If the Board had notice of the rule to show cause, it should have filed an answer and appeared in both courts.

Appellant was sentenced to a term of not less than 6 years nor more than 20 years in the Eastern State Penitentiary. On April 15, 1944, he was paroled and on March 27, 1945, returned to the penitentiary as a parole violator. On October 19, 1949, he was again released on parole and on March 6, 1950, was returned for another violation of his parole. He does not question the validity of his original sentence. In his petition he stated that the question involved was: "Whether the Pennsylvania Board of Parole may recommit a person to the Penitentiary without due cause?" The court below, properly holding that it was without power to review the action of the Board, dismissed the petition and discharged the rule.

The case is controlled by *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 410, 35 A. 2d 340, where a relator alleged that he had been deprived of a fair and impartial hearing before the Board. Mr. Chief Justice MAXEY ruled: "The matters complained of cannot be disposed of in proceedings for a writ of habeas corpus. This court in Passmore Williamson's Case, 26 Pa. 9, said, he who seeks release from custody on a writ of habeas corpus must make out 'a prima facie case entitling him to be discharged or bailed. But he has no right to demand it who admits that he is in legal custody for an offence not bailable.' This petitioner is in legal custody under a valid sentence, and this court cannot review the actions of the Parole Board in denying him

a parole after the expiration of the minimum term of sentence; neither can we pass on the fairness and impartiality of the hearing he had before the Parole Board. That is a matter of prison administration over which this court exercises no control."

Appellant admits that he was given a hearing by the Board but contends that he was returned to the penitentiary "for no apparent reason other than the personal prejudice on the part of the Parole Officer and certain officials of the Pennsylvania Board of Parole." He alleges that he was not guilty of a violation of the conditions of his parole. But, as demonstrated by the *Biglow* case, supra, his allegations concerning the fairness, the impartiality, and the action of the Board cannot be reviewed on a petition for a habeas corpus.

Order affirmed.