Commonwealth ex rel. Woydakowski, Appellant,
*v.* Burke.

Argued March 1, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Edward A. Woydakowski,* appellant, in propria persona, submitted a brief.

*Ralph P. Needle,* Assistant District Attorney, with him *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 13, 1954:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County refusing rela-

tor's petition for a rule to show cause why a writ of habeas corpus should not issue.

Relator was indicted, tried, and convicted of receiving stolen goods on several bills of indictment in the Court of Quarter Sessions of Lackawanna County, and was sentenced by that court to undergo simple imprisonment in the Lackawanna County Jail for definite or fixed terms aggregating eight years.[1] The sentences imposed were effective as of October 17, 1945.

While serving these sentences in the Lackawanna County Jail, the relator was indicted for an attempted prison breach and for conspiracy to break prison. On February 23, 1948, relator, on these latter convictions, was sentenced as follows: On the charge of attempted prison breach to four years simple imprisonment in the Lackawanna County Jail, the sentence to commence at the expiration of the sentences previously imposed on the convictions of receiving stolen goods; on the charge of conspiracy to break prison, relator was sentenced to imprisonment in the Eastern State Penitentiary for an indefinite or indeterminate term of one to two years, this sentence to commence upon the expiration of all the previous sentences to the Lackawanna County Jail.

Relator was removed to the Eastern State Penitentiary because of his misconduct, as permitted by the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §72. See *Com. ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 82 A. 2d 252.

As the record stands, relator is under sentences to the Lackawanna County Jail aggregating twelve consecutive years to be followed by a penitentiary sen-

---

[1] See Act of September 26, 1951, P. L. 1460, now permitting either fixed or indefinite terms for crimes punishable by simple imprisonment.

tence of one to two years. The combined sentences of simple imprisonment would therefore expire as of October 17, 1957.

The basis of relator's petition is that he is being deprived of his right to commutation or of the benefits of the Act of May 11, 1901, P. L. 166, §1, 61 PS §271, by the arbitrary action of the respondents. Relator's further contentions are to the effect that he was never apprised of his rights under the Commutation Act; that the respondents have refused to submit relator's case for commutation to the proper authorities; and that, if he had been allowed appropriate credits for good conduct, his sentences to the Lackawanna County Jail would have expired thus making him eligible for discharge from further service of such sentences.

The petition was properly denied by the court below without issuing a rule and having a hearing. See *Com. ex rel. Chambers v. Claudy,* 171 Pa. Superior Ct. 115, 90 A. 2d 383.

A prison board has full discretion to recommend the withholding of allowance of commutation where there have been offenses against discipline or for any attempt to escape from confinement. Section 5, Act of May 11, 1901, P. L. 166, 61 PS §275. Alleged failure or refusal of such board, having discretionary power, to exercise its discretion in a particular way is not a proper subject of a petition for writ of habeas corpus. Cf. *Com. ex rel. Sherman v. Burke,* 364 Pa. 198, 70 A. 2d 302. Relator's petition does not even disclose that he is entitled to commutation on the facts which he has set forth.

The court below held that relator's petition was premature. Relator contended that, having served seven years and seven months of the combined sentences to the Lackawanna County Jail, which shall be construed as one continuing term for the purpose of estimating

the amount of commutation (section 2, Act of May 11, 1901, P. L. 166, 61 PS §272), he was entitled to be discharged from further service of the twelve-year term. The court below correctly held that, if relator was entitled to the maximum credits he could have earned since October 17, 1945, he could not have earned sufficient credit to diminish his total sentence to the point of immediate eligibility for discharge at the date of the court's opinion.

Order is affirmed.