## Johnson v. Day

*Furman Johnson*, p. p, for petitioner.

*Frank P. Lawley, Jr.*, Deputy Attorney General, for respondent.

SOHN, J., May 2, 1955.—The substance of petitioner's complaint, as appears by his petition for a writ of mandamus, is that after having had his teeth pulled, and an upper and lower plate supplied by the institution, he again was unfortunate enough to break the lower set. He requested that the institution again furnish him with a lower set and says that he was informed that he would have to buy the set himself, at a cost of $40, inasmuch as he was working and could afford to buy them. The prayer of the petition is that he be furnished a lower dental plate, to be issued or provided by the State Penitentiary at Graterford, Pa.

We feel that this is a matter of penal administration and that the complaint does not set forth a good cause of action. We have fully covered this matter in our opinion in Commonwealth ex rel. Walden v. Brown, Secy. of Welfare, 64 Dauph. 375 (1953). There we pointed out that the Pennsylvania appellate courts have held that the courts will not interfere with matters of penal administration: Commonwealth ex rel. Biglow v. Ashe, 348 Pa. 409; Commonwealth ex rel. DiCamillo v. Burke, 172 Pa. Superior Ct. 10. We, therefore, make the following

*Order*

And now, May 2, 1955, the petition for a writ of mandamus is hereby dismissed. It is further ordered that a copy of this opinion be sent to petitioner, at the State Penitentiary at Graterford, Pa., one to Charles G. Day, warden, State Penitentiary, Graterford, Pa., and one to the Attorney General of the Commonwealth of Pennsylvania.