Commonwealth ex rel. Scheid, Appellant, *v.* Day.

Submitted March 23, 1956.   Before Rhodes, P. J.,
Hirt, Gunther, Wright, Woodside, Ervin, and Carr,
JJ.

*John Philip Scheid,* appellant, in propria persona.

*William C. Storb,* District Attorney, for appellee.

Opinion Per Curiam, April 11, 1956:

Relator has appealed from the order of the Court
of Common Pleas of Lancaster County dismissing, with-
out a hearing, his petition for writ of habeas corpus.
The contention as presented by relator on this appeal
is that he has been placed in double jeopardy, as the
Pennsylvania Board of Parole refused to grant a pa-
role because of the nature of the case, his previous rec-
ord, and his behavior, which matters must have been
considered previously by the trial judge when impos-
ing sentence.

There is no merit in relator's petition.

According to relator's petition he was sentenced on May 15, 1953, to undergo imprisonment in the State Penitentiary at Graterford for not less than two and one-half years nor more than five years after being found guilty of the charge of prostitution of a female child. The indictment was at No. 49, March Term, 1953, in the Court of Quarter Sessions of Lancaster County.

The Pennsylvania Board of Parole has exclusive jurisdiction of all matters of parole. *Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 496, 32 A. 2d 913; *Com. ex rel. Williamson v. Burke,* 172 Pa. Superior Ct. 39, 42, 92 A. 2d 239. Admittedly, relator is in legal custody under a valid sentence. Action of the Parole Board in denying him a parole after the expiration of the minimum sentence is not reviewable on habeas corpus. *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 35 A. 2d 340. See, also, *Com. ex rel. Di Camillo v. Burke,* 172 Pa. Superior Ct. 10, 91 A. 2d 916; *Com. ex rel. Brown v. Pennsylvania Board of Parole,* 368 Pa. 244, 247, 82 A. 2d 43; *Com. ex rel. Sherman v. Burke,* 364 Pa. 198, 70 A. 2d 302.

Relator's petition for writ of habeas corpus raises no question of fact to be decided by the court and fails to establish any ground entitling relator to relief; hence no hearing was necessary. *Com. ex rel. Luzzi v. Tees,* 176 Pa. Superior Ct. 528, 108 A. 2d 921.

Order is affirmed.