## Commonwealth ex rel. Tancemore, Appellant, *v.* Myers.

Submitted March 18, 1959.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Jesse Tancemore,* appellant, in propria persona.

*Richard M. Rosenbleeth* and *Juanita Kidd Stout,* Assistant District Attorneys, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

On August 28, 1958, Jesse Tancemore, an inmate of the Eastern State Penitentiary, petitioned the Court of Common Pleas of Philadelphia County for a writ of habeas corpus. A rule to show cause was granted, returnable September 12, 1958, and the petitioner was permitted to proceed in forma pauperis. On October 9, 1958, Judge WATERS entered an order dismissing the petition. On October 28, 1958, Tancemore filed a motion for a re-hearing, which was refused forthwith. This appeal followed.

The record discloses that, on September 29, 1949, appellant was tried without a jury and convicted before the late Judge CRUMLISH on Bill No. 328 September Term 1949 charging burglary. He was committed to the Pennsylvania Industrial School at Camp Hill, sentence to be computed from September 3, 1949. His maximum term was accordingly set to expire on September 3, 1969. Appellant was paroled on April 4,

1951. He was returned as a technical parole violator on October 6, 1952, with his maximum term still set to expire on September 3, 1969. On January 21, 1954, appellant was again paroled from the Pennsylvania Industrial School. On October 1, 1957, he was returned as a convicted parole violator to the Eastern Correctional, Diagnostic, and Classification Center, Eastern State Penitentiary, Philadelphia. On January 6, 1958, he was transferred to the State Penitentiary at Graterford, with his new maximum term fixed to expire on February 17, 1973. It is this term which appellant is presently serving.

In his brief appellant advances six contentions, the first three of which are as follows: "1. The defendant was not advised of his Constitutional Rights not to answer any questions. 2. The defendant was not advised that anything he said would be used against him. 3. The defendant was denied a prompt hearing". These contentions were not advanced in appellant's petition for the writ, nor raised in the court below. See *Commonwealth v. Mays*, 182 Pa. Superior Ct. 130, 126 A. 2d 530. They have no merit and, in any event, would not be ground for habeas corpus after conviction: *Commonwealth ex rel. Sickler v. Myers*, 188 Pa. Superior Ct. 541, 149 A. 2d 178.

Appellant's fourth contention is "that he was given an illegal and excessive sentence". At the time of his sentence, appellant was also before the court as the result of a plea of guilty on Bill No. 327 September Sessions 1949, in which he was charged with conspiracy to commit burglary, and also a plea of guilty on Bill No. 329 September Sessions 1949, in which he was charged with possession of burglary tools. Appellant was sentenced on only one of the three indictments. He was less than twenty-one years of age, and commitment to the Pennsylvania Industrial School was entirely proper.

Appellant's fifth contention is "that it is illegal and unlawful for him to be confined in a state penitentiary".. He is now more than twenty-one years of age .and the place of his incarceration was determined, in the performance of its administrative function, by the Eastern Correctional, Diagnostic, and Classification Center. .This was a reasonable exercise of discretionary power. Furthermore, the failure or refusal of. prison authorities to exercise discretion in a particular way may not be reviewed in a habeas corpus proceeding: *Commonwealth ex rel. Woydakowski v. Burke,* 175 Pa. Superior Ct. 519, 106 A. 2d 678. See also *Commonwealth ex rel. DiCamillo v. Burke,* 172 Pa. Superior Ct. 10, 91 A. 2d 916; *Commonwealth ex rel. Sherman v. Burke,* 364 Pa. 198, 70 A. 2d 302. It is true that persons sentenced to the Pennsylvania Industrial School at Camp Hill are not initially sent to the Eastern Correctional, Diagnostic, and Classification Center. See Section 3 of the Act of July 29, 1953, P. L. 1435, 61 P.S. 913. . However, as noted in the well-considered opinion for the court below, this section does not bar use of the diagnostic and classification facilities in the matter of recommitment of parole violators. The plenary powers of the Board of Parole are set forth in Section 17 of the Act of August 6, 1941, P. L. 861, as amended, 61 P.S. 331.17. This statute applies to persons sentenced to the Pennsylvania Industrial School at Camp Hill: *Commonwealth ex rel. Williamson v. Burke,.* 172 Pa. Superior Ct. 39, 92 A. 2d 239. As we pointed out in *Commonwealth ex rel. Clawges v. Claudy,* 173 Pa. Superior Ct. 410, 98 A. 2d 225, it was entirely proper to transfer appellant from the Pennsylvania Industrial School to the State Penitentiary, and to require him to serve the balance of his term in the latter institution. See also *Commonwealth ex rel. White v. Day,* 178 Pa. Superior Ct. 491, 116 A. 2d 288.

Appellant's sixth and final contention is "that the Act of 1953, reducing the maximum sentences of one sentenced to the Pennsylvania Industrial School, must include those sentenced before said act was approved also". Section 6 of the Act of April 28, 1887, P. L. 63, as amended by the Act of June 30, 1951, P. L. 974, relating to the Pennsylvania Industrial School at Camp Hill, was further amended by the Act of July 29, 1953, P. L. 1447, 61 P.S. 485, to read in pertinent part as follows: "The courts, in sentencing to said industrial school, shall not fix or limit the duration of sentence, but the time which any such person shall serve in said industrial school or on parole shall not in any case exceed six years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced if such maximum be less than six years". In *Commonwealth ex rel. Lyons v. Day*, 177 Pa. Superior Ct. 392, 110 A. 2d 871, we held that the 1953 amendment was not retroactive and had no application to a sentence imposed, as was this appellant's, before its effective date.

On February 27, 1959, the District Attorney of Philadelphia County filed a motion to quash this appeal on the ground that appellant had failed to file a writ of certiorari with the Prothonotary of the Court of Common Pleas as required by Section 2 of the Act of May 19, 1897, P. L. 67, 12 P.S. 1134. The writ was actually filed in the court below on March 6, 1959, and the record was returned to this court on March 10, 1959. We do not condone appellant's delay in perfecting his appeal. However, he is under confinement and proceeding without counsel. Since we have passed on the merits, the motion to quash is dismissed.

The order of the court below is affirmed.