## Commonwealth ex rel. Hendrickson, Appellant, v. Hendrick.

560

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Robert Hendrickson,* appellant, in propria persona.

*Arlen Spector* and *Domenick Vitullo,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1960:

Robert Hendrickson has appealed from an order of Court of Common Pleas No. 1 of Philadelphia County, entered December 11, 1959, dismissing his petition for a writ of habeas corpus.

Appellant was indicted in the Court of Quarter Sessions of Philadelphia County on Bill No. 1676 June Sessions 1952 charging burglary, larceny, and receiv-

ing stolen goods. He was tried on July 22, 1952, before President Judge SLOANE sitting without a jury. At the trial appellant was represented by counsel from the Philadelphia Voluntary Defender Association. He was found guilty of both burglary and larceny, and not guilty of receiving stolen goods. A motion for a new trial, filed by his counsel, was denied on July 31, 1952. Appellant himself thereafter filed a motion for a new trial which was denied on June 3, 1953. Subsequently, appellant filed a motion in arrest of judgment nunc pro tunc which was denied on March 10, 1956. Appellant was released on parole on May 10, 1957. He was rearrested as a parole violator on June 24, 1959, and recommitted by the Parole Board to the Philadelphia County Prison where he is presently incarcerated.

Appellant is here endeavoring to attack his conviction and sentence on July 22, 1952, at No. 1676 June Sessions 1952. Other such attempts are recited in *Commonwealth ex rel. Hendrickson v. Hendrick,* 181 Pa. Superior Ct. 45, 122 A. 2d 88, wherein we affirmed an order, entered August 12, 1955, by President Judge HAGAN, dismissing one of appellant's prior petitions. There should be added the subsequent opinion and order of Judge GRIFFITHS filed November 14, 1956, at No. 607 September Term 1956, dismissing still another of appellant's petitions. As we stated in *Commonwealth ex rel. Sell v. Tees,* 179 Pa. Superior Ct. 549, 117 A. 2d 813, and reiterated in our former opinion involving this appellant, repetitious petitions for habeas corpus may not be employed as devices to secure appellate review of adjudicated matters. We will nevertheless briefly consider appellant's several complaints.

(1) The gravamen of appellant's first contention is that the motion of his counsel for a new trial was argued by a representative of the Philadelphia Volun-

tary Defender Association other than the representative thereof who had conducted the trial. In this connection, we adopt the following excerpt from the well considered opinion of Judge DOTY:

"At trial the relator was represented by an attorney associated with the Voluntary Defender's office. At the conclusion of the trial this attorney stated that he saw no ground for a new trial, but he would file such a motion because relator desired him to do so. The motion for a new trial filed by the Voluntary Defender's office assigned only the usual pro forma reasons in support thereof, namely, that the verdict was against the law, against the evidence, and against the weight of the evidence.

"When the motion for new trial came on for hearing, the trial judge stated that he saw no merit in the motion, that the relator had been fairly tried, and that 'beyond a reasonable doubt you (referring to relator) were guilty because every bit of evidence pointed to your guilt'. Thereupon the court denied the motion for new trial.

"While it is true that the attorney from the Voluntary Defender's office who represented relator at the trial was not present at the hearing on the motion for new trial, nevertheless, the relator was represented at that hearing by another attorney from the Voluntary Defender's office.

"Therefore, it is clear that there is no merit to the relator's first contention since at all times relevant thereto he was represented by counsel from the Voluntary Defender's office. Moreover, the record shows that the trial judge gave every consideration to the motion for new trial and was convinced of defendant's guilt beyond a reasonable doubt and that no error had been committed".

(2) Appellant further contends that, in order for his new trial motion to be heard, the sentence and com-

mitment of July 22, 1952, "had to be vacated . . . and no new commitment was ever made to issue". However, the record discloses that appellant was not re-sentenced on July 31, 1952, as he apparently believes. The sentence of July 22, 1952, was the only sentence ever imposed.

(3) Appellant finally contends that he "stands falsely imprisoned on a charge of technical parole violation", and that his recommitment was grounded "upon unfounded and unproven charges".[1] It is a sufficient answer to point out that questions of this nature may not be raised by habeas corpus: *Commonwealth ex rel. Sherman v. Burke*, 364 Pa. 198, 70 A. 2d 302. Since appellant is in legal custody under a valid sentence, we cannot review the fairness and impartiality of the hearing before the Parole Board and the propriety of its action in recommitting appellant to prison: *Commonwealth ex rel. DiCamillo v. Burke*, 172 Pa. Superior Ct. 10, 91 A. 2d 916. And see *Commonwealth ex rel. Biglow v. Ashe*, 348 Pa. 409, 35 A. 2d 340. The Parole Board has exclusive jurisdiction of such matters: *Commonwealth ex rel. Carmelo v. Smith*, 347 Pa. 495, 32 A. 2d 913; *Commonwealth ex rel. Williamson v. Burke*, 172 Pa. Superior Ct. 39, 92 A. 2d 239; *Commonwealth ex rel. Woydakowski v. Burke*, 175 Pa. Superior Ct. 519, 106 A. 2d 678; *Commonwealth ex rel. Tiscio v. Martin*, 180 Pa. Superior Ct. 462, 120 A. 2d 307; *Commonwealth ex rel. Scheid v.*

---

[1] The Commonwealth's brief sets forth that appellant was recommitted by the Parole Board, after a hearing, because of the following violations: "1. Absconded from supervision. 2. Failed to notify agent of loss of employment. 3. Associated with a person having a criminal record. 4. Living in sexual relationship with a woman not his legal wife. 5. Striking and threatening three women on three occasions. 6. Failed to reply to agent's communications".

*Day,* 181 Pa. Superior Ct. 39, 121 A. 2d 898; *Commonwealth ex rel. Tancemore v. Myers,* 189 Pa. Superior Ct. 270, 150 A. 2d 180.

Order affirmed.