**Commonwealth ex rel. Travers v. Tennis**

*Otto Travers,* pro se.
*Jeffrey M. Paladina,* for defendant.

KISTLER, *J.,* March 15, 2010—Presently before this court is Otto Travers' petition for writ of habeas corpus and Franklin Tennis' motion to dismiss. Mr. Travers' petition alleges that his due process rights have been violated because he was placed in administrative custody and has not been provided with a hearing or notice of the reason he is being confined to administrative custody in accordance with DOC policy.

Mr. Tennis filed a motion to dismiss the petition arguing that prison officials are accorded administrative discretion relating to inmate housing and therefore the alleged violation of DOC policy is not reviewable in a petition for writ of habeas corpus. Mr. Tennis also asserts that the action was not properly commenced and has failed to state any cognizable grounds for relief. A hearing was held on February 11, 2010, at which counsel for the Department of Corrections was present and Mr. Travers was present via video conference. For the following reasons, the court Grants Mr. Tennis' motion to dismiss.

## BACKGROUND

On November 1, 2009, Mr. Travers was placed in administrative custody under investigation. On November 18, 2009, the investigation was completed and Mr. Travers' institutional status was converted to pending upon Program Review Committee review. As of the date of the hearing on this matter, Mr. Travers has yet to have a hearing or receive information as to why he is being held in administrative custody. At the hearing Mr. Travers testified that he was not provided with a hearing and also

was not provided with notice as to why he was being held in administrative custody.

## DISCUSSION

The Superior Court of Pennsylvania in *Commonwealth ex rel. Fortune v. Dragovich, infra,* has described the availability of habeas corpus relief pertaining to prisoners in this Commonwealth:

"The availability of habeas corpus in Pennsylvania is both prescribed and limited by statute. See 42 Pa.C.S. §§6502 (power to issue writ); 6503 (right to apply for writ). Subject to these provisions, the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual. See *[Commonwealth Dep't of Corrections v.] Reese,* 774 A.2d [1255,] 1260 [(Pa. Super. 2001)]. Thus, 'habeas corpus should not be entertained . . . merely to correct prison conditions which can be remedied through an appeal to prison authorities or to an administrative agency.' *Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110, 113 (1971). Moreover, 'it is not the function of the courts to superintend the treatment and discipline of prisoners in penal institutions.' *Id.* Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment. See *id.; Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766, 775 n.17 (Pa. Commw. 1997). '[T]he failure or refusal of prison authorities to exercise discretion in a particular way may not be reviewed in a habeas corpus proceeding.'

*Commonwealth ex rel. Tancemore v. Myers,* 189 Pa. Super. 270, 150 A.2d 180, 182 (1959)." 792 A.2d 1257, 1259 (Pa. Super 2002).

Our courts have repeatedly held that grievances arising from prison officials' exercise of discretion in superintending the placement of prisoners is not a cognizable basis for issuance of a writ of habeas corpus. *Commonwealth ex rel. Fortune v. Dragovich,* 792 A.2d 1257, 1259 (Pa. Super. 2002) (referencing *Commonwealth ex rel. Tancemore v. Myers,* 189 Pa. Super 270, 150 A.2d 180 (1959). "[T]he failure or refusal of prison authorities to exercise discretion in a particular way may not be reviewed in a habeas corpus proceeding." *Commonwealth ex rel. Tancemore v. Myers,* 189 Pa. Super. 270, 274, 150 A.2d 180, 182 (1959) (citing as support *Commonwealth ex rel. Woydakowski v. Burke,* 175 Pa. Super. 519, 106 A.2d 678 (1954); *Commonwealth ex rel. DiCamillo v. Burke,* 172 Pa. Super. 10, 91 A.2d 916 (1952); *Commonwealth ex rel. Sherman v. Burke,* 364 Pa. 198, 70 A.2d 302 (1950)).

The Superior Court instructs, "[D]iscretionary exercises are not immune from judicial scrutiny, they are appropriately addressed in a claim of deprivation of constitutional rights under color of state law as prescribed by the federal Civil Rights Act, 42 U.S.C. §1983." *Commonwealth ex rel. Fortune v. Dragovich,* 792 A.2d 1257, 1259-60. The exception to this rule is that a habeas corpus may become reviewable, by this court where such claims are based on "patent and serious deprivations" of a constitutional right sufficient to establish "cruel and unusual punishment." *Id.,* 792 A.2d at 1260. In this mat-

ter the court determines that Mr. Travers' petition for writ of habeas corpus does not allege any cruel and unusual punishment. Therefore this court is unable to address Mr. Travers' petition for writ of habeas corpus as it should have been brought under section 1983 of the Civil Rights Act. As a result, Mr. Tennis' motion to dismiss the petition for writ of habeas corpus is granted.

## ORDER

And now, March 15, 2010, Mr. Tennis' motion to dismiss Mr. Travers' petition for writ of habeas corpus is hereby granted.