# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : \
ex rel. Patrick Vanderpool : \
  : \
  : \
v. : \
  : \
Mr. Abrams/Mr. Lemasters, : \
John Does and Jane Does : \
to be named : \
  :    No. 1322 C.D. 2016 \
Appeal of: Patrick Vanderpool :    Submitted February 3, 2017


PER CURIAM \
OPINION                        FILED: May 17, 2017

Patrick Vanderpool (Vanderpool) appeals, pro se, from the Greene County Common Pleas Court's (trial court) August 6, 2015 order granting the motion of the Commonwealth's Office of General Counsel on behalf of Progress Community Corrections Center (PCCC) Director(s) M. Gary Abrams and/or David Lemasters, John Doe and Jane Doe (hereinafter, Commonwealth) to dismiss Vanderpool's Petition for Writ of *Habeas Corpus* (Petition). Essentially, the issues for this Court's review are: (1) whether Vanderpool's appeal was timely, and (2) whether the trial court violated Vanderpool's due process rights by denying the Petition without a hearing.[1] Upon review, we dismiss Vanderpool's appeal as untimely.

Vanderpool is a sex-offender parolee housed at PCCC in Waynesburg, Greene County, Pennsylvania. PCCC is a secure community corrections facility located adjacent to the State Correctional Institution at Greene (SCI-Greene). On or

---

[1] Vanderpool presented six issues for this Court's review: (1) whether the trial court erred by not holding a hearing; (2) whether the trial court erred by consolidating this case; (3) whether Vanderpool's due process rights were violated; (4) whether the trial court favored the Commonwealth; (5) whether the trial court should have issued a full opinion; and, (6) whether Vanderpool's case should have been given priority. However, those issues are subsumed within the two aforestated issues.

about April 2, 2015, Vanderpool and 21 other similarly-situated parolees (Petitioners) filed nearly identical petitions, in which they claimed that, despite having been paroled from their respective correctional institutions, they are still effectively incarcerated at PCCC. On April 20, 2015, the Commonwealth filed a motion to consolidate the 22 cases, which Vanderpool opposed. The trial court granted the Commonwealth's motion and consolidated the cases on May 12, 2015. On May 18, 2015, the trial court ordered the Commonwealth to respond to the 22 petitions.

By July 6, 2015 motion to dismiss the petitions without a hearing (Motion), the Commonwealth stated that "the writ [*of habeas corpus*] may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment. [*Commonwealth ex rel. Fortune v.*] *Dragovich*[, 792 A.2d 1257 (Pa. Super. 2002)]."[2] Motion at 7. Specifically, the Commonwealth declared:

> The . . . Petitioners were unable to secure an appropriate home plan prior to release from their respective state correctional institutions. However, the Petitioners were paroled . . . to [PCCC] in order to afford them an opportunity to maintain sexual offender counseling. This transition serves as an intermediate step prior to their release into the community, once a submitted home plan is approved.
>
> . . . .
>
> [T]he alternative to paroling the Petitioners . . . to [PCCC] would be to deny their parole until such time as they either obtain an approved home plan or their sentence expires.

---

[2] The Commonwealth also asserted that the parolees' complaints, including "access to resources, inconvenient bathroom conditions and a leaking roof, amongst other inconveniences and civil complaints . . . do[] not fall within the parameters contemplated by the extraordinary remedy of *habeas corpus*," but rather are more appropriately raised in a civil rights action. Motion at 8. Indeed, the law requires that "the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual." *Dragovich,* 792 A.2d at 1259.

Motion at 9-10. By July 28, 2015 order, docketed August 6, 2015, the trial court granted the Commonwealth's Motion.

On September 10, 2015, Vanderpool appealed from the trial court's order.[3] Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a) requires that an appeal from a trial court's order "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 105(b) also prohibits this Court from "enlarg[ing] the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review." *See One Tree Condominium Ass'n v. Greene*, 133 A.3d 113 (Pa. Cmwlth. 2016); *In re Kemmerer*, 405 A.2d 1108, 1109 (Pa. Cmwlth. 1979). Accordingly, Vanderpool was required to file his appeal from the trial court's order by September 8, 2015. Because he did not file his appeal until September 10, 2015, it was untimely and, thus, must be dismissed.[4]

Based on the foregoing, Vanderpool's appeal is dismissed as untimely filed.[5]

Judge Cosgrove concurs in the result only.

---

[3] Vanderpool appealed to the Superior Court, which transferred the matter to this Court on August 4, 2016. Notably, by May 18, 2016 memorandum order, the Superior Court concluded that the nature of Vanderpool's claim is in mandamus, which falls within the scope of this Court's original jurisdiction. *See Commonwealth ex rel. Vanderpool v. Abrams* (Pa. Super. No. 1420 WDA 2015, filed May 19, 2016).

[4] *See Commonwealth ex rel. Grill v. Abrams* (Pa. Cmwlth. No. 1051 C.D. 2016, filed November 1, 2016). Michael Grill was one of the other 21 petitioners.

[5] In light of our holding, we do not reach the merits of Vanderpool's appeal, as discussed in *Commonwealth ex rel. Vanderpool v. Abrams*.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
ex rel. Patrick Vanderpool : 
  : 
         v. : 
  : 
Mr. Abrams/Mr. Lemasters, : 
John Does and Jane Does : 
to be named : 
  :   No. 1322 C.D. 2016
Appeal of: Patrick Vanderpool : 

PER CURIAM

## O R D E R

AND NOW, this 17th day of May, 2017, we hereby dismiss as untimely Patrick Vanderpool's appeal from the Greene County Common Pleas Court's August 6, 2015 order.