J-S04011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY GLEN WRIGHT | : | |
| | : | |
| Appellant | : | No. 1503 MDA 2017 |

Appeal from the PCRA Order September 13, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000193-2009

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                **FILED APRIL 09, 2018**

Appellant, Anthony Glen Wright, appeals *pro se* from the order denying his *pro se* "Petition for Writ of Habeas Corpus."  We affirm.

> [Appellant] was charged with Involuntary Deviate Sexual Intercourse,[1] Aggravated Indecent Assault,[2] and Indecent Assault[3] and was convicted of all counts by a jury on October 6, 2009.  On June 4, 2010, [Appellant] was sentenced to ninety to two hundred-forty months incarceration.  [Appellant] filed a timely Post-Sentence Motion on June 14, 2010, which was denied by the Honorable Judge Richard J. Walsh, now retired, on August 20, 2010.  [Appellant] filed a timely Notice of Appeal of the Court's denial of his Post-Sentence Motion on September 8, 2010.  On August 19, 2011, the Superior Court affirmed [Appellant's] Judgment of Sentence.[4]  [Appellant] did not appeal the Superior Court's decision to the Pennsylvania Supreme Court.

[1] 18 Pa. C.S.A. §3123(a)[(7)]

[2] 18 Pa. C.S.A. §3125(a)(7)

[3] 18 Pa. C.S.A. §3126(a)(7)

- 1 -

[4] Because [Appellant] did not originally serve the Trial Court with his Concise Statement of Matters Complained of on Appeal, filed on September 27, 2010, the Superior Court remanded the case for proper service to be made on the Trial Court. [Appellant] filed and served his Concise Statement of Matters Complained of on Appeal and the record was transmitted for a second time to the Superior Court on July 13, 2011. Thereafter, the Superior Court issued its memorandum opinion affirming [Appellant's] Judgment of Sentence.

On August 17, 2012, [Appellant] filed his first PCRA[1] Petition, which was filed by retained counsel. On November 15, 2012, [Appellant] filed an Amended PCRA Petition through retained counsel. The Commonwealth filed an Answer on January 28, 2013, and a hearing was held on April 29, 2013. The Trial Court issued an Opinion and Order denying [Appellant's] PCRA Petition on July 3, 2013. On July 30, 201[3], [Appellant] filed a timely Notice of Appeal of the Trial Court's denial of [Appellant's] PCRA Petition. The Superior Court affirmed the Trial Court's dismissal of [Appellant's] PCRA Petition on March 14, 2014.

[Appellant] filed a Second PCRA Petition on April 9, 2014, on his own behalf, which was presided over by the undersigned. However, [Appellant] subsequently retained counsel Edward Qaquish, Esq. for PCRA proceedings. Attorney Qaquish filed a Petition for Leave to Withdraw as Counsel and a Turner/Finley[2] Letter on November 20, 2014. On December 4, 2014, this [c]ourt issued an Order notifying [Appellant] its intent to dismiss [Appellant's] Second PCRA Petition and granted Attorney Qaquish leave to withdraw. [Appellant] filed an Answer to the [c]ourt's Order of Intent to Dismiss on January 16, 2015. The undersigned issued an Order dismissing [Appellant's] Second PCRA Petition on January 29, 2015. [Appellant] filed a Notice of Appeal Nunc Pro Tunc and Concise Statement of Matters

---

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Complained of on Appeal on his own behalf on June 4, 2015. The Superior Court issued a memorandum opinion on May 3, 2016, affirming this [c]ourt's dismissal of [Appellant's] Second PCRA Petition.

On July 28, 2017, [Appellant] filed on his own behalf a Petition for Writ of Habeas Corpus seeking relief on the basis that he is in prison for a different crime than he was convicted. Specifically, [Appellant] claims that he is being detained under 18 Pa. C.S.A. §3123(a)(6), when he was convicted under §3123(a)(7).[3]   On August 8, 2017, this [c]ourt issued an extended Order notifying [Appellant] of its intent to dismiss his Petition without a hearing.   [Appellant] filed an Answer to the [c]ourt's Order on August 17, 2017, and this [c]ourt dismissed [Appellant's] Petition on September 13, 2017.  [Appellant] filed a timely Notice of Appeal on September 21, 2017.[4]

PCRA Court Opinion, 10/16/17, at 1-3 (footnote omitted).

Appellant presents the following issues for our review:

A.      Did the trial court err in dismissing Mr. Wrights petition for Writ of Habeas Corpus as a untimely filed PCRA petition utilizing inquiry procedure under 42 Pa.C.S.§9545(b)(1), a standard applicable to the dismissal of a PCRA petition, when a Due Process challenge based upon his unlawful restraint and the validity of his continued detention for a crime he was NOT convicted of, falls outside the scope of the PCRA? **AND**, without addressing Wrights claim that pursuant to 42 PA.C.S. §9543 irregardless of timely filing, the, PCRA does not provide Wright an opportunity to challenge his continued detention for a crime he was not convicted of.  Thus Resulting in the denial of his Constitutional right to be heard on a Substantive and or Procedural Due Process Rights violation.

---

[3] In its opinion, the PCRA court incorrectly states that Appellant was charged and convicted under Section 3123(a)(6), despite acknowledging that Section 3123(a)(6) was deleted in 2002.  PCRA Court Opinion, 10/16/17, at 3 n. 5.

[4] Appellant and the court of common pleas complied with Pa.R.A.P. 1925.

B.      Did the trial court violate Substantive and or Procedural Due Process, by Sua Sponte and or erroneously entering upon the official record, a determination that Wright was guilty of violating section §3123(a)(6)? **AND** now by continuing to unlawfully detain and or confine Mr. Wright under this enumerated offense, after it had been brought to the courts attention, that this is a separate offense he was NOT convicted of by his jury and on which his jury was never instructed?

Appellant's Brief at 4-5 (verbatim).

Appellant argues that he is being unlawfully restrained.  Appellant's Brief at 11.  Specifically, Appellant asserts that he is being unlawfully detained under the enumerated offense of involuntary deviate sexual intercourse ("IDSI") pursuant to 18 Pa.C.S. § 3123(a)(6), a crime for which he was not convicted by a jury.  *Id.*  He further contends that he is not eligible to seek relief under the PCRA pursuant to the requirements in 42 Pa.C.S. § 9543 because his claim is not cognizable under the PCRA, and therefore, his claim is properly raised in a writ for *habeas corpus*.  *Id.* at 11-13, 16.  According to Appellant, the trial court mistakenly treated his petition for writ of *habeas corpus* as a PCRA petition and dismissed it as untimely.  *Id.* at 12.  Appellant contends that "the PCRA time bar does NOT apply, as [Appellant] did not seek relief under the PCRA, because a challenge to the legality of his continued detention for a crime he was NOT convicted of, is NOT a challenge to the conviction or sentence, and as such falls outside the scope of the PCRA."  *Id.* at 13 (emphasis in original).

We note the following tenets of law when addressing the merits of a petition for writ of *habeas corpus*:

- 4 -

The availability of *habeas corpus* in Pennsylvania is both prescribed and limited by statute.  **See** 42 Pa.C.S. §§ 6502 (Power to issue writ); 6503 (Right to apply for writ).  Subject to these provisions, the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual.  **See Reese**, 774 A.2d at 1260.  Thus, "*habeas corpus* should not be entertained . . . merely to correct prison conditions which can be remedied through an appeal to prison authorities or to an administrative agency."  **Commonwealth ex rel. Bryant v. Hendrick**, 444 Pa. 83, 280 A.2d 110, 113 (1971).  Moreover, "it is not the function of the courts to superintend the treatment and discipline of prisoners in penal institutions."  **Id.**  Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment.  **See Id.**; **Weaver v. Pa. Bd. of Probation and Parole**, 688 A.2d 766, 775 n. 17 (Pa. Cmwlth. 1997).  "[T]he failure or refusal of prison authorities to exercise discretion in a particular way may not be reviewed in a *habeas corpus* proceeding."  **Commonwealth ex rel. Tancemore v. Myers**, 189 Pa. Super. 270, 150 A.2d 180, 182 (1959).

**Commonwealth ex rel. Fortune v. Dragovich**, 792 A.2d 1257, 1259. (Pa. Super. 2002).

Because the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment, we must determine whether either circumstance is being pled here.  In the petition for writ of *habeas corpus* presently before us, Appellant argues that he is being illegally detained.

Although Appellant's claim facially implicates one of the two bases for invocation of a writ of *habeas corpus*, that he is being unlawfully detained, closer scrutiny of Appellant's asserted basis for this unlawful detention reflects that he claims he is being detained under an improper sentence.

Specifically, Appellant avers that he is serving a sentence for a crime for which he has not been convicted, specifically IDSI under Section 323(a)(6).[5] Accordingly, Appellant's claim is properly deemed a challenge to his sentence.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." **Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542). **See also Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."); **Commonwealth v. Hackett**, 956 A.2d 978, 986 (Pa. 2008) (explaining that when considering what types of claims are cognizable under the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review.").

Furthermore, claims that are cognizable under the PCRA must be considered within the context of the PCRA. As we have explained in considering whether *habeas corpus* petitions should be treated as PCRA petitions:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542;

---

[5] Appellant does not contest that he was convicted of IDSI.

> ***Commonwealth v. Haun***, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. ***Fahy***, supra at 223–224; ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa. Super. 2013). Accordingly, we are constrained to review Appellant's petition within the context of the PCRA.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

Before addressing the merits of Appellant's petition, we must consider whether the petition was timely filed. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super.

2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

_____

[6] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Hernandez*, 79 A.3d at 652.

Here, the trial court sentenced Appellant on June 4, 2010, and this Court affirmed the judgment of sentence on August 19, 2011. *Commonwealth v. Wright*, 32 A.3d 839, 1480 MDA 2010 (Pa. Super. filed August 19, 2011) (unpublished memorandum). No petition for allowance of appeal was filed in the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on September 19, 2011,[7] when the time to file a petition for allowance of appeal expired. *See* Pa.R.A.P. 1113(a) (thirty-day period for filing petition for allowance of appeal from entry of Superior Court order); 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Accordingly, in order to be timely, any PCRA petition had to be filed before September 19, 2012. Appellant filed the instant petition on July 28, 2017. Thus, Appellant's instant petition is patently untimely.

_____

[7] Because the thirtieth day of the appeal period fell on September 18, 2011, a Sunday, the judgment of sentence became final on the following business day, Monday, September 19, 2011. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Here, Appellant has failed to assert any exception to the PCRA time-bar. We further recognize that apart from Appellant's self-serving bald assertions that he is being unlawfully detained pursuant to Section § 3123(a)(6), a crime of which he claims he was not convicted, there is no evidence of record supporting that contention. Indeed, the record reflects that Appellant was charged and convicted under 18 Pa.C.S. § 3123(a)(7). The criminal information reflects that charge.[8] Criminal Information on

---

[8] We note that the information includes handwritten notes changing the relevant subsection from (a)(6) to (a)(7), and asserting additional facts that support such charge. The handwritten notes are initialed and dated September 14, 2009. Information on Count 1, 3/9/09, at 1. Appellant's

*(Footnote Continued Next Page)*

- 10 -

Count 1, Involuntary Deviate Sexual Intercourse, 3/9/09, at 1. At the preliminary charge, the trial judge explained to the jury that Appellant was being charged with IDSI under subsection 3123(a)(7). N.T., 10/5/09, at 5. Additionally, in both the Commonwealth's opening and closing statements, the district attorney stated that Appellant was being charged with Section 3123(a)(7). N.T., 10/5/09, at 10 (opening statement); N.T., 10/6/09, at 44 (closing statement). The jury charge consisted of the elements necessary for a conviction under Section 3123(a)(7). N.T., 10/6/09, at 99-100. The verdict colloquy also reflects that Appellant was charged with Section 3123(a)(7). N.T., 10/6/09, at 112. The verdict slip established that Appellant was charged with 18 Pa.C.S. § 3123(a)(7). Verdict Slip, 10/6/09, at 1. Moreover, the record reflects that Appellant was sentenced under Section 3123(a), although the sentencing order does not identify a subsection.[9] Sentencing Order for IDSI, 6/4/10, at 1. The sentencing transcript also reflects that Appellant was being sentenced on the conviction of IDSI, without specifying the subsection. N.T., 6/4/10, at 59. Accordingly, the record establishes that Appellant was charged, convicted, and sentenced

_(Footnote Continued)_ ————————————

trial took place on October 5 and 6, 2009. Accordingly, the record reflects that the amendment was made prior to Appellant's trial.

[9] Section 3123(a) states that the conviction under subsections (a)(1) through (a)(7) constitute felonies of the first degree. Thus, even if (a)(6) had not been deleted, the grading of convictions under (a)(6) and (a)(7) would have been the same. 18 Pa.C.S. § 3123(a).

pursuant to 18 Pa.C.S. § 3123(a)(7). There is no evidence, nor does Appellant cite to any, that he is being unlawfully detained pursuant to Section 3123(a)(6).[10]

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

_____

[10] We note that the lower court in its multiple opinions throughout the procedural history of this case consistently and incorrectly refered to Appellant's conviction for IDSI as being under 18 Pa.C.S. § 3123(a)(6). As stated above, the record reflects that Appellant was convicted under Section 3123(a)(7) on October 6, 2009. Despite its mistaken identification of the incorrect IDSI subsection, the common pleas court properly recognized that subsection 3123(a)(6) was deleted by 2002 Dec. 9, P.L. 1350, No. 162, § 2. PCRA Court Opinion, 10/16/17, at 3 n.5.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/09/18</u>