**Darryl BELL, Petitioner,**

v.

**Martin F. HORN, Commissioner of Corrections of the Commonwealth of Pennsylvania, et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 2000.

Decided Nov. 17, 2000.

Darryl Bell, petitioner, pro se.

Victoria S. Freimuth, Camp Hill, for respondent.

Before COLINS, Judge,
PELLEGRINI, Judge, McCLOSKEY,
Senior Judge.

COLINS, Judge.

Before the Court are preliminary objections filed by respondents Martin Horn and the Department of Corrections (collectively, Department of Corrections) to inmate Darryl Bell's petition for review in this Court's original jurisdiction. By per curiam order dated August 31, 2000, this Court overruled preliminary objections pertaining to service and directed that the demurrer be submitted on briefs.

Bell is currently incarcerated at the State Correctional Institution at Dallas. Proceeding pro se, he alleges violations of his due process, equal protection, and Eighth Amendment rights in that he has been prohibited from participating in prerelease programs on the basis of his conviction for committing a sex crime. According to his petition, Bell has served his minimum sentence and has met all of the eligibility requirements for participation in prerelease programs, and the Department of Corrections denied his application to participate in prerelease programs; thereafter, a prison review committee withdrew its recommendation for prerelease and terminated the prerelease process, citing Bell's failure to admit that he committed the crime of rape for which he was convict-

ed, opposition of the district attorney, and his past record of two other felony convictions.

■ Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments. *Reider v. Bureau of Correction*, 93 Pa.Cmwlth. 326, 502 A.2d 272 (1985). The allegations of a pro se complainant are held to a less stringent standard than that applied to pleadings filed by attorneys. *Id.* If from a fair reading of the complaint, the complainant has pleaded facts that may entitle him to relief, the preliminary objections will be overruled. *Id.*

The Act of July 16, 1968, P.L. 351, *as amended*, 61 P.S. §§ 1051–1054 (Act), authorized the Department of Corrections to establish prerelease centers and work release plans and to promulgate rules and regulations for granting and administering prerelease plans and for determining inmate eligibility. Prerelease programs include work release, educational/training release, home furlough, and placement in a Community Service Center. 37 Pa.Code § 94.2. Inmates sentenced to death and serving life terms are not eligible; all other inmates must meet a list of requirements relating to time served, favorable recommendations, medical clearance, among others. 37 Pa.Code § 94.3.

An inmate applies for entry into prerelease programs by submitting an application to his counselor, and applications are then submitted to the Superintendent for final approval of the recommendation. 37 Pa.Code §§ 94.4, 94.6(c). After approving the application, the Superintendent must notify the sentencing judge and the prosecuting district attorney, who may submit objections.

> Satisfying the eligibility criteria for prerelease transfer does not mean the inmate will automatically be permitted to participate in prerelease programs. Other considerations such as the staff's

evaluation of the inmate's progress, the relevancy of the particular prerelease program to the inmate's reintegration, the safety of the community and the victim of the inmate's crime and the availability of space will be taken into consideration.

37 Pa.Code § 94.3(b). Ultimate approval is by the Commissioner of Correction.

■ Respondents urge us to dismiss Bell's petition for failure to state a claim for which relief can be granted. In opposition to Bell's due process claim, they argue that Bell has no clear legal right to, or liberty interest in, prerelease status or outside release. We agree. This claim has consistently been considered and rejected by Pennsylvania courts and by federal courts interpreting Pennsylvania law. "[A]s a general rule parole decisions by penal authorities do not implicate a constitutionally protected liberty interest, and that in the absence of a state statute which creates a liberty interest by conferring a 'protectible expectation of parole,' the safeguards imposed by the due process clause do not apply." *Wright v. Cuyler*, 517 F.Supp. 637, 640 (E.D.Pa.1981). Neither the Act nor the prerelease regulations give rise to any expectation of prerelease; both explicitly reserve discretion in the prison officials and the Department of Corrections over the administration of the program and the grant of prerelease status. *Reider; Wright.*

■ Bell's equal protection claim alleges that the Department of Corrections unconstitutionally discriminates against convicted sex offenders by denying them the opportunity to participate in prerelease programs. The constitutional guarantee of equal protection of the laws does not obligate the government to treat all persons alike; rather it assures that all similarly situated persons are treated alike. *Small v. Horn*, 554 Pa. 600, 722 A.2d 664 (1998). Where the challenged government action does not burden fundamental or important rights and does not create a suspect or

quasi-suspect classification,[1] it does not violate equal protection as long as it is rationally related to a legitimate government purpose. *Id.* The Department of Corrections' policy prohibiting convicted sex offenders from participating in prerelease programs treats all convicted sex offenders alike and is rationally related to the legitimate purpose of protecting the safety of the community; it is also consistent with the purposes of the prerelease program and the Department of Corrections' explicit reservation of discretion in approving applications for participation in the programs.

Finally, we address Bell's claim that denying his participation in the prerelease programs constitutes cruel and unusual punishment. For conditions of confinement to constitute unconstitutional cruel and unusual punishment, the conditions must be totally without penological justification and deprive the inmate of the minimal civilized measure of life's necessities. *DeHart v. Horn*, 694 A.2d 16 (Pa. Cmwlth.1997). Denying sex offenders the opportunity to participate in prerelease programs is not without penological justification nor can it be construed to be a deprivation of a necessity.

For the reasons stated above, we sustain the Department of Corrections' preliminary objections that Bell's petition fails to state a claim for which relief can be granted. Bell's petition is dismissed.

### ORDER

AND NOW, this 17th day of November 2000, we sustain the Respondents' preliminary objections in the nature of a demurrer. Darryl Bell's petition for review in this matter is dismissed.

---

1. Suspect classifications are race and national origin, and quasi-suspect classifications are gender and legitimacy. *Small v. Horn*, 554 Pa. at 615, n. 14, 15, 722 A.2d at 672, n. 14, 15.