**Keith CARTER, Plaintiff–Appellant,**

v.

**Penny TUCKER, TDOC, Liaison; Shawny Scott, D–Board Chairperson, CCA, et al., Defendants–Appellees.**

No. 03–5021.

United States Court of Appeals, Sixth Circuit.

July 1, 2003.

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

### ORDER

Keith Carter, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carter sued Tennessee Department of Correction ("TDOC") Liaison Penny Tucker and Disciplinary Board Chairperson Shawny Scott. He alleged that Scott violated his right to due process in the manner in which she conducted his disciplinary hearing on a charge of larceny. Carter alleged that the hearing was conducted less than twenty-four hours after he was charged, that he did not waive his right to a twenty-four hour notice, and that he was not allowed to prepare a defense or call witnesses. He alleged that Scott found him guilty of the offense and imposed a punishment of thirty days of punitive segregation, a job drop, a $4 fine, and a loss of package privileges for nine months. He alleged that Tucker was not present at the hearing as required by TDOC policy. Carter sought declaratory and monetary relief and sued the defendants in their individual and official capacities.

On November 18, 2002, the district court dismissed Carter's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.

This court reviews de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915(e) requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that are frivolous. *See McGore*, 114 F.3d at 612; *accord* 28 U.S.C. § 1915(e)(2). The court is not required to allow a plaintiff to amend his complaint prior to dismissal. *See McGore*,

114 F.3d at 612; *accord* 28 U.S.C. § 1915(e)(2).

Upon review, we conclude that the district court properly dismissed Carter's complaint, as it has no arguable basis in law. *See McGore*, 114 F.3d at 604. In order to state a viable claim under § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the federal constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A property right or liberty interest must be implicated in order to state a claim for a denial of procedural due process. Liberty interests may arise from either the Fourteenth Amendment Due Process Clause or under state law. *See Sandin v. Conner*, 515 U.S. 472, 477–78, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Carter lacked a liberty interest sufficient to implicate the Due Process Clause. Carter does not have an inherent constitutional right to remain free of disciplinary confinement. *See Sandin*, 515 U.S. at 484–86, 115 S.Ct. 2293. Nor does Carter have an inherent constitutional right to placement in any particular security classification or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). A liberty interest may arise if the defendant's actions imposed "atypical and significant hardship on [Carter] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293.

As pointed out by the district court, Carter's disciplinary conviction was reversed, the charges dismissed, and any lost sentence credits were restored. He thus has no claim that the conviction or punishment imposed impinge on the duration of his confinement. Carter merely alleges a loss of privileges and placement in segregation. As explained above, these penalties do not impose an atypical and significant hardship, and there is no liberty interest in freedom from those penalties. *Ibid.* As Carter has not alleged any atypical and significant hardship, he has failed to allege the deprivation of a federally recognized liberty interest, and is not entitled to any of the procedural protections enunciated in *Wolff v. McDonnell*, 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), or its progeny. Carter has no due process claim for the loss of privileges and confinement to punitive segregation.

■ Likewise, Carter's allegation that he has not been restored to his former job does not amount to an allegation of the deprivation of a liberty interest. A prisoner has no constitutional right to prison employment or a particular prison job. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989). Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991); *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir.1989).

Also, Carter's claims of mental and emotional distress from the action of any defendant are not cognizable under 42 U.S.C. § 1997e(e), which states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.