## Morris v. Meyers

C.P. of Centre County, no. 2003-1247.

*Warren Morris,* pro se.
*Timothy I. Mark,* for defendants.

RUEST, *J.,* October 10, 2008—Presently before the court are the preliminary objections of defendants Robert W. Meyers, Terry L. Whitman, Franklin J. Tennis and Jack M. Allar. Plaintiff and defendants submitted briefs. Upon consideration of the briefs, arguments, and relevant case law, the court determines defendants' preliminary objections are sustained in part and overruled in part.

## BACKGROUND

On May 15, 2003, plaintiff filed his original complaint in which he complained of violations of his constitutional rights by the above-listed defendants. He alleged the defendants were liable for placing him in the same cell as a prisoner allegedly known to be violent. Plaintiff filed an amended complaint on March 1, 2003, followed by a second amended complaint on April 14, 2004, adding several medical staff as defendants. On May 6, 2004, defendants filed a motion for stay of discovery, which was granted by the court on May 13, 2004. On June 3, 2004, plaintiff filed a third amended complaint, in which he claimed the medical defendants failed to provide him medical care for the injuries he suffered from the attack in his cell. The remaining defendants from the department of corrections (defendants) filed preliminary objections on September 20, 2004. A brief was filed contemporaneously with the preliminary objections. The court granted the medical defendants' motion for summary judgment on September 8, 2006, finding plaintiff failed to exhaust administrative remedies. After numerous extensions of

time, plaintiff filed his brief in response to the defendants' preliminary objections on July 2, 2008.

## DISCUSSION

Defendants object to Counts I, II, and IV of plaintiff's complaint. The court will disregard the objections raised to Count III as moot as Count III was previously disposed of by this court in a September 8, 2006 opinion and order granting the medical defendants' motion for summary judgment. Defendants' preliminary objections fall under three areas: lack of jurisdiction, Pa.R.C.P. 1028(a)(1); failure to conform to rule or law, Pa.R.C.P. 1028(a)(2); and failure to state a claim, Pa.R.C.P. 1028(a)(4).

### I. *Jurisdiction, Pa.R.C.P. 1028(a)(1)*

Defendants raise an objection that the statute of limitations expired. This is improper as a preliminary objection. Preliminary objections are limited to the grounds listed in Pa.R.C.P. 1028. As they raise objections specifically excluded under Rule 1028, defendants' objection relative to statute of limitations is overruled. Under Pa.R.C.P. 1030, statute of limitations must be pled in a responsive pleading under the heading new matter.

Plaintiff's lawsuit is prison conditions litigation, and as such is governed by the Prison Litigation Reform Act (PLRA). Under the PLRA, the court may dismiss a complaint pursuant to 42 Pa.C.S. §6602(e)(2) if, upon review, the prison conditions litigation is frivolous or malicious, or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which if asserted, would

preclude the relief. The PLRA also provides several limitations on remedies at section 6603:

"(a) Limitations on remedies for federal claims.

"Prison conditions litigation filed in or remanded to a court of this Commonwealth alleging in whole or in part a violation of federal law shall be subject to any limitations on remedies established by federal law or federal courts with respect to federal claims.

"(b) Limitations on remedies under Pennsylvania law.

"Prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law." 42 Pa.C.S. §6603.

This court has concurrent subject matter jurisdiction with federal courts over claims filed under 42 U.S.C. §1983 (section 1983). *Commonwealth ex rel. Saunders v. Creamer,* 464 Pa. 2, 345 A.2d 702 (1975). When a section 1983 action is brought in state court to enforce federal law, the rights of, and defenses to, a federal cause of action are defined by federal law. *Howlett v. Rose,* 496 U.S. 356 (1990). The PLRA provides that prison conditions litigation filed in state court raising section 1983 claims is subject to any limitations on remedies established by federal law or federal courts with respect to the federal claims. 42 Pa.C.S. §6603(a).

The PLRA also requires the court to undertake a review of the prison conditions litigation, subjecting the federal claims to scrutiny in accordance with section 6603(a). If any of the four enumerated alternative reasons are met,

the court shall dismiss the litigation. 42 Pa.C.S. §6602(e)(2). The four reasons are: if the prison conditions litigation is (1) frivolous; (2) malicious; (3) fails to state a claim upon which relief may be granted; or (4) the defendant is entitled to assert a valid affirmative defense, including immunity, which if asserted, would preclude relief.

## II. *Failure To Conform to Rule of Law, Pa.R.C.P. 1028(a)(2)*

Defendants raise the affirmative defense that plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit. As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak,* 312 F.3d 109, 111 (3d Cir. 2002). This affirmative defense must be pled as a responsive pleading in accordance with Pa.R.C.P. 1030 under the heading new matter. As such, it is improper as a preliminary objection and is therefore overruled.

## III. *Failure To State a Claim, Pa.R.C.P. 1028(a)(4)*

Defendants maintain plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has made several claims, and defendants maintain each is insufficient and should be dismissed.

## A. Conspiracy

Plaintiff alleges defendants Meyers, Whitman, Tennis and Allar conspired to deprive him of treatment. To set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v.*

*Middle Bucks Area Vocational Technical School,* 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle,* 871 F.2d 331, 336 (3d Cir. 1989); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir. 1989). The Third Federal Circuit Court of Appeals has further noted that "[a] conspiracy claim must contain supportive factual allegations." *Rose,* 871 F.2d at 366. In addition, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Group Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989).

It is well-settled that a conspiracy is an agreement or concerted action between individuals. See *D.R. by L.R.,* 972 F.2d at 1377; *Durre,* 869 F.2d at 545. Plaintiff must, therefore, allege with particularity and present material facts which show that the supposed conspirators reached some agreement or plotted, planned, and conspired together to deprive plaintiff of a protected federal right. See *id.;* see also, *Rose,* 871 F.2d at 366; *Chicarelli v. Plymouth Garden Apartments,* 551 F. Supp. 532, 539 (E.D. Pa. 1982). Additionally, where a civil rights conspiracy is alleged, as is in the case at bar, there must be some specific facts in the complaint which tend to show a meeting of the minds and some concerted activity on the part of the alleged conspirators. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985). These facts must be more than subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Plaintiff has alleged no facts in the complaint which would suggest there was an agreement between the defendants to violate plaintiff's civil rights. Plaintiff does

allege that each of the defendants has access to his medical records and, due to their supervisory roles, should have known about his injuries. Plaintiff also alleges defendants may have acted collectively when they allegedly breached their duty to the plaintiff relative to the assault. Plaintiff states that defendants acquiesced in a meeting of minds to recklessly disregard DC-ADM policy but offers no further evidence to support his allegation of conspiracy. Plaintiff's assertion that defendants acquiesced in double-celling [sic] plaintiff with Nash, and by attempting to cover up their involvement is also insufficient to maintain a claim for conspiracy. Accordingly, defendants' preliminary objection for failure to state a claim for conspiracy is sustained.

## B. Retaliation

Plaintiff alleges defendants retaliated against him for filing grievances and lawsuits by repeatedly searching his cell and denying him medical care. Defendants maintain he was not denied medical care, arguing plaintiff's disagreement with the medical care he was provided does not constitute denial of care. Defendants also argue cell searches are matters left to the prison management unless plaintiff can establish that a constitutional right is being violated. This position is strongly supported by *Sandin v. Conner*, 515 U.S. 472, 482 (1995) and *Hudson v. Palmer*, 468 U.S. 517, 526 (1984) (the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell).

There is a split amongst the United States Courts of Appeals regarding the appropriate test for causation in cases in which a prisoner alleges retaliation. The Third

Circuit has not explicitly adopted a test for causation, but has in the past applied one. An inmate must demonstrate that the prison authorities engaged in retaliatory action, and that this action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. *Brooks-Bey v. Kross,* C.A. no. 947-7650, slip op. at 7-8 (3d Cir. June 24, 1995), citing *Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir. 1985).[1] Plaintiff's allegation of retaliation is stated in a single sentence in his complaint: Plaintiff is being retaliated against for filing grievances and law suit [sic] against the defendants by constantly being cell searched and denied medical care and treatment. (Complaint, ¶42.) This claim is insufficient to support a claim upon which the court may grant relief. It is a mere allegation. Accordingly, defendants' preliminary objection for failure to state a claim for retaliation is sustained.

## C. Loss of Job

Plaintiff alleges defendants' actions denied him the ability to work. There is no constitutional right to prison employment. *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir. 1975); accord *Carter v. Tucker; Carter v. Tucker,* 69 Fed. Appx. 678 (6th Cir. 2003). Alleged interference with his ability to obtain prison employment is not a cognizable constitutional violation. Accordingly, defendants' preliminary objection for failure to state a claim for loss of job is sustained.

---

1. The Third Circuit has not addressed this issue in a published opinion. *Brooks-Bey* is an unpublished opinion and has no precedential value. However, the court finds *Brooks-Bey* instructive, and although not bound by that case, shall consider it.

## D. Supervisory Responsibility

Plaintiff alleges defendants Meyers, Whitman, Tennis and Allar had knowledge of the wrongs conspired to be done on plaintiff or about to be committed and having the power to prevent these wrongs and conspired to neglect to intervene as a matter of procedural due process. (Complaint, ¶59.) Plaintiff is pursuing a theory that defendants should be liable by virtue of their role as supervisors. Claims under section 1983 cannot be based on a theory of respondeat superior. *Rode v. Dellariprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations of personal involvement must be made with particularity in order to establish a civil rights violation. *Id.* Plaintiff must show that defendants directed, knew, and acquiesced in the deprivation of plaintiff's constitutional rights to have an actionable claim. *Id.; McFadden v. Lehman,* 968 F. Supp. 1001 (1997). Accordingly, defendants' preliminary objection for failure to state a claim for supervisory responsibility is sustained.

## E. Personal Involvement Assault

Plaintiff alleges defendants Meyers, Whitman, Tennis and Allar are vicariously liable for inmate Nash's assault on plaintiff. Under the applicable law, there is generally no vicarious liability. A petitioner must show more than mere negligence to state a claim under section 1983. *Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976); *Sample v. Diecks,* 885 F.2d 1099, 1109 (3d Cir. 1989). Plaintiff alleges defendants knew or should have known about Nash's purported dangerousness and propensity for violence, but he does not allege any facts that they actually knew as required for personal involvement in a consti-

tutional violation. Plaintiff states to the extent that the defendants deny awareness of Nash's violent record where the inference could be drawn, then plaintiff reasonably believes and therefore avers, illustrating that plaintiff is inferring liability and is not alleging any actual knowledge on the part of the defendants. (Complaint, ¶25.) All of plaintiff's allegations are conclusory where they must be factual and specific. Accordingly, defendants' preliminary objection for failure to state a claim for personal involvement is sustained.

## F. Duty To Protect

Plaintiff alleges defendants Meyers, Whitman, Tennis and Allar failed to protect him from unnecessary and wanton infliction of pain. In order to succeed on this claim, two requirements must be met. First, plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). This element is satisfied when the alleged punishment is objectively sufficiently serious. *Id.* Second, plaintiff must show that the prison officials have a sufficiently culpable state of mind. *Id.* at 838. Plaintiff must specifically show that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.*

Plaintiff alleges that inmate Nash's prior aggressive and assaultive behavior toward and against other inmates constitutes facts from which the defendants can be inferred to draw the conclusion that a substantial risk of serious harm existed. This allegation does not rise to the level contemplated by the court in *Farmer.* A mere con-

clusion that defendants knew because they were supervisors or the superintendent is insufficient. Plaintiff must show they specifically reviewed those records and therefore were aware of any alleged aggressive behavior of inmate Nash. Contrary to plaintiff's position, access to records does not establish knowledge of the information contained in those records. For each defendant, plaintiff must allege that he had actual knowledge of inmate Nash's history, and concluded for himself that a substantial risk of serious harm existed for plaintiff. Accordingly, defendants' preliminary objection for failure to state a claim for duty to protect is sustained.

## G. Habeas Corpus Claims

Plaintiff appears to be seeking relief under Pa.R.Crim.P. 108(B), habeas corpus. He has alleged: failure to provide a safe environment; failure to provide necessary medical care; and retaliation by repeated cell searches.

Prison authorities' failure to exercise discretion in a particular way may not be reviewed by the courts within the context of a habeas corpus proceeding. *Commonwealth ex rel. Fortune v. Dragovich,* 792 A.2d 1257, 1259 (Pa. Super. 2002). The writ may be used, however, to extricate a petitioner from conditions of confinement that constitute cruel and unusual punishment. *Id.* The standard for cruel and unusual punishment is that conditions must be such that they violate freedoms considered basic and fundamental. *Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971). For conditions of confinement to constitute unconstitutional cruel and unusual punishment, the conditions must be totally without penological justification and deprive the inmate of the minimal

civilized measure of life's necessities. *DeHart v. Horn,* 694 A.2d 16, 18 (Pa. Commw. 1997); *Bell v. Horn,* 762 A.2d 776, 779 (Pa. Commw. 2000). Based on the discussion of plaintiff's complaint and allegations in previous sections, the court determines plaintiff has not established conditions that constitute cruel and unusual punishment.

Additionally, a writ of habeas corpus will issue only if no other remedy is available for the condition the petitioner alleges, or the available remedies have been exhausted or ineffectual. *Fortune,* 792 A.2d at 1259; *Department of Corrections v. Reese,* 774 A.2d 1255 (Pa. Super. 2001). As has been previously determined by this court, plaintiff has not exhausted his administrative remedies. The department of corrections grievance system has been recognized by the courts as providing adequate post-deprivation remedies to inmates in satisfaction of the due process clause, and plaintiff has not availed himself of these mechanisms. *Tillman v. Lebanon County Correctional Facility,* 221 F.2d 410, 422 (3d Cir. 2000); *Waters v. Department of Corrections,* 97 Pa. Commw. 283, 290, 509 A.2d 430, 433 (1986). Accordingly, defendants' preliminary objection for failure to state a claim for habeas corpus claims is sustained.

## H. Negligence

Plaintiff alleges several instances of negligent behavior. As noted in section III(E) above, negligence is insufficient to state a section 1983 claim. The mere negligent conduct that leads to serious injury of a prisoner by a prisoner, as alleged by plaintiff, does not expose a prison official or employee to liability under section 1983. *Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986). All claims of negligent acts constituting deliberate indiffer-

ence as to all defendants fail. Accordingly, defendants' preliminary objection for failure to state a claim for negligence is sustained.

## I. State Law Claims

Plaintiff alleges several claims against defendants Meyers, Whitman, Tennis and Allar that defendants maintain are barred by the doctrine of sovereign immunity. The assertion of immunity is improper as a preliminary objection. Preliminary objections are limited to the grounds listed in Pa.R.C.P. 1028. As they raise objections specifically excluded under Rule 1028, defendants' objection relative to sovereign immunity is overruled. Under Pa.R.C.P. 1030, immunity must be pled in a responsive pleading under the heading new matter.

## J. Injunctive Relief

Plaintiff seeks injunctive relief to grant him single cell status, medical orders to see a neurologist and doctors for his spine and ankle, and instructions from the court to the defendants to refrain from further retaliation. To prevail in an action for an injunction in a section 1983 suit, a plaintiff must establish: (1) he is likely to prevail on the merits; (2) the extent to which he is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. See *S & R Corp. v. Jiffy Lube Intern. Inc.,* 968 F.2d 371, 374 (3d Cir. 1992), citing *Hoxworth v. Blinder, Robinson, & Co. Inc.,* 903 F.2d 197-98 (3d Cir. 1990). The moving party bears the burden of demonstrating these facts.

Plaintiff states that he seeks an injunction prohibiting retaliatory action. Speculative injury does not constitute a showing of irreparable harm. *Continental Group Inc. v. Amoco Chems. Corp.,* 614 F.2d 351, 359 (3d Cir. 1987). As noted previously, plaintiff has not stated facts with specificity to sustain a claim for retaliation.

Furthermore, plaintiff alleges the same pain today that he asserted in September 2001, when he was housed with inmate Nash. He does not assert being celled with inmate Nash since then. His references for fearing for his life all refer back to the incident in September 2001. He has not alleged anything to have happened since then to justify this fear.

In sum, plaintiff has not established he is likely to succeed on the merits of his case. Accordingly, defendants' preliminary objection for failure to state a claim on which injunctive relief may be granted is sustained.

The following is entered:

## ORDER

And now, October 10, 2008, the following is ordered:

(1) Defendants' preliminary objections to Counts I, II, and IV based on jurisdiction pursuant to Pa.R.C.P. 1028(a)(1) are overruled.

(2) Defendants' preliminary objections to Counts I, II, and IV based on failure to conform to rule of law pursuant to Pa.R.C.P. 1028(a)(2) are overruled.

(3) Defendants' preliminary objections to Counts I, II, and IV based on failure to state a claim pursuant to

Pa.R.C.P. 1028(a)(4) are sustained in part and overruled in part.

(A) Conspiracy: sustained.

(B) Retaliation: sustained.

(C) Loss of job: sustained.

(D) Supervisory responsibility: sustained.

(E) Personal involvement—assault: sustained.

(F) Duty to protect: sustained.

(G) Habeas corpus claims: sustained.

(H) Negligence: sustained.

(I) State law claims: overruled.

(J) Injunctive relief: sustained.

(4) Plaintiff's third amended complaint is hereby dismissed for failure to state a claim upon which relief may be granted. Filing of an amended pleading shall not be allowed as plaintiff will be unable to cure the defects in his complaint such that it would survive the same preliminary objections raised by defendants in the case at bar.