J-S71021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM HARRIS | |
| Appellant | No. 3664 EDA 2016 |

Appeal from the PCRA Order entered October 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1105182-1996

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:        **FILED FEBRUARY 12, 2018**

Appellant, William Harris, appeals *pro se* from the from the October 25, 2017 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and denying his petition for *habeas corpus* relief. Upon review, we affirm.

The relevant factual and procedural background can be summarized as follows. Following a bench trial, Appellant was convicted of first degree murder and related offenses in connection with the murder of Darryl Gibbs on October 5, 1996. On May 13, 1999, the trial court imposed an aggregate sentence of life imprisonment. This Court affirmed his judgment of sentence

_____

[*] Retired Senior Judge assigned to the Superior Court.

on September 10, 2004, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on May 3, 2005.

Appellant filed his first PCRA petition on April 14, 2006. After counsel was appointed, and holding a hearing, the PCRA court entered an order denying relief on April 28, 2008. We affirmed the order on September 20, 2010. Our Supreme Court denied *allocatur* on March 29, 2011.

On May 21, 2013, Appellant filed a *habeas corpus* petition, alleging the Department of Corrections is holding him illegally in the absence of an actual sentencing order. Subsequently, on May 13, 2016, Appellant filed a PCRA petition, his second, arguing his counsel was ineffective. The trial court entertained both petitions concurrently. After holding a hearing, the trial court denied both petitions. This appeal followed.

We will address the denial of the PCRA petition first. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520,

- 2 -

522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[1] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing **Commonwealth v. Fahy,** 737 A.2d 214, 223 (1999)).

The instant PCRA petition is facially untimely as he filed it approximately ten years after the expiration of the time for a timely filing.[2] **See** Trial Court Opinion, 1/25/17, at 3-4. Appellant argues the petition meets one of the exceptions to the timeliness general rule, the previously unknown facts

---

[1] **Brady v. Maryland**, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[2] Appellant's sentence became final on August 1, 2005, after our Supreme Court denied his petition for *allocatur* and the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. Appellant had one year from that date to file a timely petition. He filed the instant petition approximately ten years after that date. The instant PCRA petition is therefore facially untimely.

exception set forth in Section 9545(b)(1)(ii).[3]  In particular, Appellant argues he did not know that his trial counsel had been suspended from the practice of law for a period of two years retroactive to February 26, 2013.

The trial court addressed Appellant's claim as follows:

> Despite formulating his claim in terms of discovery of new facts not previously known to him, [Appellant]'s claim, in essence, is challenging prior counsel's effectiveness.  It is well settled, however, that claims of ineffective assistance of counsel cannot serve to invoke the "new facts" exception to the PCRA's timeliness requirements.  *See Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007) (stating generally that allegations of PCRA counsel's ineffectiveness do not invoke "new fact" exception to PCRA's time-bar); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780 (Pa. 2000) (analyzing supposed newly discovered evidence claim and recognizing that it actually was a position that prior counsel was ineffective).

Trial Court Opinion, 1/25/17, at 5 (footnote omitted).

We agree with the trial court's characterization and analysis of Appellant's first claim.  Additionally, the trial court noted:

> Even if [prior counsel]'s disciplinary proceedings qualified as a previously-unknown fact, [Appellant] failed to demonstrate  i) that he presented this fact in compliance with [Section] 9545(b)(2), or ii) that this fact was previously unascertainable with the exercise of due diligence.

*Id.*

---

[3] The exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence.  *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).  Thus, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.  *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

We agree. Indeed, Appellant failed to allege and prove when he learned of counsel's disciplinary issues. Secondly, Appellant failed to allege and prove why he could not have learned this information earlier with the exercise of due diligence.

Furthermore, it should be noted that Appellant's trial took place in 1998, whereas the Supreme Court suspended counsel in 2014 for two years retroactive to February 26, 2013. Appellant argues that the disciplinary proceedings "revealed that [counsel] had been suffering from mental illness for many years." Appellant's Brief at 5. Nowhere does Appellant explain what "mental illness" actually means, what "many years" consists of, or how counsel's alleged illness affected him.

In light of the foregoing, we conclude the trial court properly disposed of Appellant's first claim.

Next, Appellant argues the trial court erroneously denied his *habeas corpus* petition. As noted above, Appellant claims he is being unlawfully detained because the Department of Corrections does not have a signed sentencing order for him, citing 42 Pa.C.S.A. § 9764 (relating to information required upon confinement and subsequent disposition). The claim is meritless.

When reviewing the denial of a petition for a writ of *habeas corpus*, we are guided by the following:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion.

> *See Commonwealth, Dep't of Corrections v. Reese,* 774 A.2d 1255, 1261 (Pa. Super. 2001). Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. *See Lachat v. Hinchcliffe,* 769 A.2d 481, 487 (Pa. Super. 2001) (defining abuse of discretion). As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests. *See Miller v. Miller*, 744 A.2d 778, 788 (Pa. Super. 1999).

*Commonwealth ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002), *appeal denied,* 803 A.2d 732 (Pa. 2002).

Even if we were to assume there is no sentencing order, as alleged, but not proved by Appellant, Appellant is entitled to no relief. As noted by the trial court, even in the absence of a sentencing order, it is well-established that the Department of Corrections has continuing authority to detain an inmate where there is a record of the valid imposition of sentence. Trial Court Opinion, 1/25/17, at 7 (citing *Joseph v. Glunt*, 96 A.3d 365, 372 (Pa. Super. 2014)). We agree.

> To this end, the trial court found that
>
> [the presiding judge] entered sentencing orders in the instant matter on May 13, 1999. The original orders are being maintained by the clerk of courts of [the Philadelphia County Court of Common Pleas] as part of [Appellant]'s case file. Additionally, upon reviewing the criminal docket through the Common Pleas Case Management System, [Appellant]'s sentence was accurately docketed.

Trial Court Opinion, 1/25/17, at 7. Thus, here, as in *Joseph*, the record confirmed the imposition, and legitimacy, of Appellant's sentence.

Regarding Appellant's reliance on Section 9764, we conclude that such reliance is misplaced. In **Joseph** we noted:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

**Joseph**, 96 A.3d at 371 (footnote omitted).

In light of the foregoing, we conclude Appellant is not entitled to any relief on his *habeas corpus* petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18