J-S46026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY BROWN | : | |
| | : | |
| Appellant | : | No. 3950 EDA 2017 |

Appeal from the PCRA Order November 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0827351-1992

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 05, 2018**

Appellant, Leroy Brown, appeals from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the partial procedural history of this case as follows:

> [Appellant] was found guilty but mentally ill of first degree murder and possessing an instrument of crime at the conclusion of a nonjury trial on May 13, 1993, and sentenced to concurrent terms of life and 2½ to 5 years' incarceration.  His direct appeal was dismissed for failure to file a brief and he was subsequently granted the right to file a *nunc pro tunc* appeal in his timely first PCRA proceeding, the court having found that his counsel rendered ineffective assistance for that failure.  In that appeal, [the Superior] Court affirmed the judgment of sentence on December 31, 1997, holding that the verdict was supported by the weight and sufficiency of the evidence and that [Appellant] knowingly and intelligently waived his right to a jury trial. [Appellant] did not seek further review.  On February 17, 1999, he filed his second PCRA petition pro se, reiterating the weight

and sufficiency and involuntary jury waiver claims, and claiming ineffective assistance of counsel in failing to request an appeal with the Supreme Court of Pennsylvania. Counsel was appointed who filed a no-merit brief stating that all the underlying issues [Appellant] wished to raise were previously adjudicated and, in view of all of the evidence and the trial and this Courts' opinions in his nunc pro tunc appeal, any attempt to further appeal would have been frivolous. "Once counsel for the petitioner determines that the issues raise under the Post Conviction Hearing Act (PCHA), now the PCRA are 'meritless', and the PCHA court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes." *Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213, 215 (1988)*. On October 16, 2000, this court agreed and dismissed the petition as lacking merit. [Appellant] did not file an appeal, but instead, on December 14, 2000, filed a third PCRA petition[3] alleging that his PCRA counsel rendered ineffective assistance in filing the Finley brief, governmental obstruction in that he was under the influence of medication during his trial, and previous counsel's failure to file a brief in his direct appeal. He did not explain how the fact that he was on medication was a result of governmental interference. The court dismissed the petition as untimely on January 3, 2001, and again no appeal was filed.

> [3] This and all subsequent filings were *pro se*.

PCRA Court Opinion, 1/16/18, at 1-2 (footnote omitted).

Appellant subsequently filed additional PCRA petitions, and filed the instant petition entitled, "Petition for Habeas Corpus Relief," on August 31, 2017. The lower court treated this petition as a PCRA petition and issued notice of the court's intent to dismiss it pursuant to Pa.R.Crim.P. 907 on October 5, 2017. Appellant filed a response on October 18, 2017, and the petition was dismissed on November 2, 2017. Appellant filed his appeal on November 17, 2017.

On appeal, Appellant presents the following issue for our review: "Whether the trial court abused its discretion in dismissing Appellant's Petition for Habeas Corpus Relief since his confinement is based on a PCRA proceeding that denied due process?"  Appellant's Brief at 3.  Appellant argues that the PCRA court erred in treating his petition as a PCRA petition, when he in fact filed it as a "state habeas petition." *Id.* at 7.  Appellant asserts that his claim does not fit within the eligibility requirements of the PCRA.  *Id.*  Appellant maintains that as a result, he "is not subject to any time bar, or preclusion by res adjudicata, prior litigation or waiver." *Id.* at 10.

We note the following tenets of law when addressing the merits of a petition for writ of *habeas corpus*:

> The availability of *habeas corpus* in Pennsylvania is both prescribed and limited by statute.  Subject to these provisions, the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual.  Thus, *habeas corpus* should not be entertained ... merely to correct prison conditions which can be remedied through an appeal to prison authorities or to an administrative agency.  Moreover, it is not the function of the courts to superintend the treatment and discipline of prisoners in penal institutions.  Accordingly, the writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment.  The failure or refusal of prison authorities to exercise discretion in a particular way may not be reviewed in a *habeas corpus* proceeding.

***Commonwealth ex rel. Fortune v. Dragovich***, 792 A.2d 1257, 1259 (Pa. Super. 2002) (internal citations and quotation marks omitted).  Because the writ may be used only to extricate a petitioner from illegal confinement or to

secure relief from conditions of confinement that constitute cruel and unusual punishment, we must determine whether either circumstance is being pled here.

As noted, Appellant argues that the PCRA proceedings violated his due process rights. Appellant's Brief at 7. In his "petition for *habeas corpus* relief," Appellant makes the following assertion:

> [Appellant] believes and therefore avers that this confinement is unlawful in that the PCRA proceedings were in violation of the due process clause of the Federal Constitution and in violation of the Pennsylvania Constitution in that:
>
> (a)  the February 17, 1999, PCRA proceeding referred to herein was effectively uncounseled.

Habeas Corpus Petition, 8/31/17, at 4. Thus, despite his bald assertion that he is unlawfully confined, his claim centers on allegations of inadequate representation by counsel. Furthermore, review of his brief reflects that Appellant's multiple and poorly developed claims supporting his statement that his due process rights were violated consist of allegations of PCRA counsel's ineffectiveness. Appellant's Brief at 9-21.

Claims that are cognizable under the PCRA must be considered within the context of the PCRA. As we have explained in considering whether purported *habeas corpus* petitions should be treated as PCRA petitions:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 613 Pa. 97, 32 A.3d 697 (2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. [**Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223-224

- 4 -

(1999)]; ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465–466 (Pa. Super. 2013).

Claims of ineffective assistance of counsel are cognizable under the PCRA. ***See Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) ("Because Petitioner alleged claims of ineffective assistance of counsel, her claims were cognizable under the PCRA and the writ of *habeas corpus* was not available."). Accordingly, the PCRA court properly considered Appellant's petition within the PCRA framework; thus, we are constrained to review Appellant's petition within the context of the PCRA as well.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Before addressing the merits of Appellant's petition, we must consider whether the petition was timely filed. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in

nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.

_____

[1] The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

- 6 -

§ 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Hernandez*, 79 A.3d at 652.

Here, Appellant was sentenced on May 13, 1993, and this Court affirmed the judgment of sentence on December 31, 1997. *Commonwealth v. Brown*, 706 A.2d 1248, 969 PHL 1997 (Pa. Super. filed December 31, 1997) (unpublished memorandum). No petition for allowance of appeal was filed in the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on January 30, 1998, when the time to file a petition for allowance of appeal expired. *See* Pa.R.A.P. 1113(a) (thirty-day period for filing petition for allowance of appeal from entry of Superior Court order); 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Accordingly, in order to be timely, any PCRA petition had to be filed before January 30, 1999. Appellant filed the instant petition, more than eighteen years later, on August 31, 2017. Thus, Appellant's instant petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

§ 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence. ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Although not clearly articulated, by liberally construing the language of Appellant's brief it appears that he attempted to assert the "newly-discovered fact" exception to the PCRA time bar. Appellant makes the following argument:

> In dismissing Appellant's PCRA petition as untimely and not qualified under the "newly-discovered fact" exception pursuant to § 9545(b)(1)(ii) for a failure of due diligence, the PCRA court did not make a fact-specific determination of what constitutes "reasonable steps," not requiring "unreasonable assumptions" given Appellant's particular circumstances. The PCRA court did not apply the analysis and the legal conclusions of Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007), Commonwealth v. Davis, 86 A.3d 883 (Pa. Super. 2014) prior to dismissing Appellant's petition. Given the record that Appellant was found guilty but mentally ill and relied on counsel's representation to protect his rights and other relevant factors, Appellant took reasonable steps to protect himself, not requiring the unreasonable assumption that direct appeal counsel abandoned him following the Superior Court's decision. He was sufficiently diligent such that he qualifies for the "newly-discovered facts" exception to the timeliness requirement. In addition the PCRA court did not give due consideration to the circumstances of Appellant's incarceration with mental illness, including those additional facts set forth in his Rule 907 Response.

> To the extent the PCRA court had questions about Appellant's medical illness or the actions of Appellant germane to the issue of timeliness, an evidentiary hearing should have been held prior to the determination of timeliness and the instant dismissal of the petition. It was an abuse of judicial discretion and violation of due process not to conduct an evidentiary hearing.

Appellant's Brief at 20-21.

The "new facts" exception at Section 9545(b)(1)(ii) has two components, which must be alleged and proved. **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

> Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Id.*** at 176-177.

Here, Appellant's undeveloped and confusing argument does not clearly identify what information or facts are at issue. Specifically, he does not state what facts were unknown, or why those facts could not have been ascertained by the exercise of due diligence. **Brown**, 111 A.3d at 176-177. Indeed, Appellant does not assert when these unknown facts were allegedly discovered. Thus, Appellant has failed to establish the newly-discovered facts exception to the PCRA time-bar.

To the extent that Appellant attempts to establish this exception to the time-bar based on **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), Appellant is unsuccessful. In **Bennett**, our Supreme Court held that while claims of ineffective assistance of counsel do not invoke the exception under

Section 9545(b)(1)(ii), an allegation of abandonment by counsel falls within the ambit of that exception. *Id.* at 1274. This Court summarized the holding in *Bennett* as follows:

> In *Bennett*, . . . our Supreme Court found that attorney abandonment may constitute a factual basis for the section 9545(b)(1)(ii) timeliness exception. In that case, the appeal from the dismissal of Bennett's first, timely, PCRA petition was dismissed by this Court because counsel failed to file a brief. Bennett filed a second PCRA petition alleging that he had attempted to find out the status of his PCRA appeal, did not learn that it was dismissed due to counsel's failure to file a brief until he received a letter from this Court explaining what had transpired, and filed a new PCRA petition within 60 days of so learning. The PCRA court granted Bennett leave to appeal the dismissal of his first PCRA petition *nunc pro tunc*, but this Court quashed the appeal as untimely. Our Supreme Court reversed this Court, holding that Bennett sufficiently alleged that he had been abandoned by counsel on his first PCRA petition and acted with due diligence in ascertaining the fact of the abandonment to satisfy the timeliness exception of the PCRA found at section 9545(b)(1)(ii).

*Commonwealth v. Huddleston*, 55 A.3d 1217, 1220-1221 (Pa. Super. 2013). However, the Supreme Court reiterated that before a petitioner may benefit from the exception at Subsection 9545(b)(1)(ii), the petitioner must plead that he filed his PCRA petition within sixty days of the date it could have been presented. In *Bennett*, therefore, Appellant was required to plead that he filed his petition within sixty days of when he discovered that this Court dismissed his first PCRA appeal. *Bennett*, 930 A.2d at 1272 n.11.

In the case *sub judice*, unlike in *Bennett*, an examination of the record and appellate brief reveals that Appellant has made no allegation that he presented his current claim within sixty days of the date he discovered that

PCRA and direct appeal counsel allegedly abandoned him, nor could he do so credibly. As noted, Appellant had his direct appeal rights reinstated *nunc pro tunc* as a result of his first timely PCRA petition. On December 31, 1997, this Court affirmed Appellant's judgment of sentence. On February 17, 1999, Appellant filed a subsequent PCRA petition.[2] Counsel was appointed, filed a no-merit brief, and was permitted to withdraw. On October 16, 2000, the PCRA court dismissed Appellant's PCRA petition. Appellant did not file an appeal, but instead, on December 14, 2000, filed another PCRA petition. In that petition, Appellant alleged that PCRA counsel had rendered ineffective assistance of counsel in filing a **Finley** brief, governmental obstruction in that he was under the influence of medication during his trial, and previous counsel's failure to file a brief in his first direct appeal. The PCRA court dismissed the petition as untimely on January 3, 2001, and no direct appeal was filed.

Appellant did not file an appeal from the dismissal of his February 17, 1999 PCRA petition. Moreover, Appellant's second PCRA petition raised the issues of PCRA counsel's alleged abandonment and ineffectiveness, and that

---

[2] For timeliness purposes, this was Appellant's first PCRA petition in light of the fact that his first PCRA petition resulted in reinstatement of his direct appeal rights, *nunc pro tunc*. **See Commonwealth v. Turner**, 73 A.3d 1283 (Pa. Super. 2013) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

direct appeal counsel failed to file a brief in his direct appeal. That petition was dismissed by the PCRA court. Thus, Appellant plainly was aware of PCRA and trial counsels' alleged failures in 2000, well before the filing of his instant petition on August 31, 2017. Consequently, he does not qualify for the newly discovered-evidence exception to the PCRA's timeliness requirements pursuant to *Bennett*.

Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/18