J-A18014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK WHITAKER | |
| Appellant | No. 1517 EDA 2017 |

Appeal from the PCRA Order entered April 19, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0413791-2002

BEFORE:  STABILE, J., STEVENS, P.J.E.,[*] and STRASSBURGER, J.[**]

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 31, 2018**

Appellant, Mark Whitaker, appeals *pro se* from the April 19, 2017 order of the Court of Common Pleas of Philadelphia County dismissing as untimely his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46, and denying his *habeas corpus* claim.  We affirm.

The facts of the case are not at issue here.  We summarized the relevant facts in our opinion issued in connection with Appellant's direct appeal.  ***See Commonwealth v. Whitaker***, 878 A.2d 914 (Pa. Super. 2005).  On June 30, 2005, we affirmed the judgment of sentence.  On December 21, 2005, the Supreme Court denied allocatur.

---

* Former Justice specially assigned to the Superior Court.

** Retired Senior Judge assigned to the Superior Court.

Appellant filed his first PCRA petition on October 26, 2006. The PCRA court denied it on March 19, 2009. On appeal, we reversed in part, remanding to the PCRA court to address one issue (ineffective assistance of counsel). *See Commonwealth v Whitaker*, No. 1027 EDA 2009, unpublished memorandum (Pa. Super. filed July 1, 2010).

On remand, after holding a hearing, the PCRA court denied Appellant's petition on October 7, 2011. Appellant timely appealed the denial of PCRA relief.

On December 29, 2011, while the appeal on the denial of his first PCRA petition was still pending, Appellant filed another PCRA petition, his second, alleging "newly-discovered" facts (alibi witness). Other than the filing itself, there is no indication that Appellant pursued the second petition, even after the disposition of the appeal on the first PCRA petition.

On December 13, 2012, we affirmed the order of the PCRA court denying Appellant's first petition. *See Commonwealth v. Whitaker*, No. 3139 EDA 2011, unpublished memorandum (Pa. Super. filed December 13, 2012).

On June 21, 2013, Appellant filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc*.

On August 22, 2013, a civil action commenced by Appellant in the civil division of the trial court was transferred to the criminal division. In his civil action, Appellant alleged that his judgment of sentence was illegal for lack of

authority to impose it, and his detention was unlawful on due process grounds for lack of a sentencing order.[1]

On September 6, 2013, the Supreme Court granted Appellant's petition for allowance of appeal *nunc pro tunc*. Appellant promptly proceeded to file his petition for allowance of appeal. The Supreme Court denied *allocatur* on March 11, 2014.

On February 22, 2017, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 notifying Appellant of its intention to deny the August 22, 2013 petition (as supplemented), his third PCRA petition, on timeliness grounds to the extent he challenged the legality of his sentence. Regarding the legality of his detention claim, the court, treating it as subject to *habeas corpus* review, and similarly concluded that Appellant was not entitled to relief.

On March 6, 2017, Appellant filed an objection to the notice, challenging the PCRA court's characterization of his lack of a sentencing order claim as a claim falling within the purview of the PCRA.

The PCRA court dismissed Appellant's third PCRA petition on April 19, 2017, and denied the *habeas corpus* claim. This appeal followed.

On appeal, Appellant raises three issues: (i) his judgment of sentence is illegal for lack of authority to impose it, (ii) his detention was unlawful for

---

[1] On December 10, 2013, Appellant supplemented his August 22, 2013 filing alleging, in addition, fraud and violation of due process of law. **See** "Motion for Leave of Court to File a Supplemental Act," 12/10/13.

- 3 -

lack of a sentencing order, and, (iii) the PCRA court failed to address the "newly-discovered" fact, which he raised in his second petition.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the

- 4 -

exceptions thereto") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999)).

Instantly, Appellant's judgment of sentence became final on March 21, 2006, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed the instant PCRA petition on August 22, 2013, approximately seven years after his judgment of sentence became final. As such, the instant petition is patently untimely, unless Appellant pleaded and proved that one of the enumerated exceptions applies.

Appellant failed to plead and prove the applicability of any exception to the PCRA's time restrictions. This omission is fatal to his PCRA claims subject the instant appeal. **See Commonwealth v. Wilson**, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis."); **Holmes**, **supra**.

Accordingly, to the extent, Appellant challenges the legality of his sentence for lack of statutory authority to impose it, we conclude the PCRA court properly denied the instant petition as untimely.[2]

---

[2] Appellant argues that he did not address the timeliness of the instant petition because the petition was originally filed as a civil action and only subsequently (approximately two weeks later) was transferred to the criminal division of the same court. Although Appellant was aware that the original action would be

Appellant next challenges the court's decision to deny relief on the absence of a sentencing order claim. As noted, Appellant argues that the absence of a sentencing order violates his due process rights, making his detention unlawful.

"The Pennsylvania Supreme Court, albeit in a *per curiam* opinion, has held that a claim that a defendant's sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*." ***Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (citations omitted).[3]

_____

treated as a PCRA petition before the criminal division of the trial court, **see** Appellant's Brief at 9, at no time did Appellant attempt to establish the timeliness of his petition until the PCRA court denied it on grounds of timeliness.

[3] In ***Joseph***, appellant argued that the absence of a sentencing order, in violation of 42 Pa.C.S.A. § 9764 (relating to information required upon confinement and subsequent disposition), resulted in a violation of his due process rights, compelling his release from prison. We disagreed, noting:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the [Department of Corrections]'s authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the [Department of Corrections] to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

***Joseph***, 96 A.3d at 371 (footnote omitted).

When reviewing the denial of a petition for a writ of *habeas corpus*, we are guided by the following:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. ***See Commonwealth, Dep't of Corrections v. Reese,*** 774 A.2d 1255, 1261 (Pa. Super. 2001). Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. ***See Lachat v. Hinchcliffe,*** 769 A.2d 481, 487 (Pa. Super. 2001) (defining abuse of discretion). As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests. ***See Miller v. Miller***, 744 A.2d 778, 788 (Pa. Super. 1999).

***Commonwealth ex rel. Fortune v. Dragovich***, 792 A.2d 1257, 1259 (Pa. Super. 2002), *appeal denied,* 803 A.2d 732 (Pa. 2002).

Even in the absence of a sentencing order, it is well-established that the Department of Corrections has continuing authority to detain an inmate where, as in the instant matter, there is a record of a valid imposition of sentence. Notice, 2/22/17 at 1 (citing ***Joseph***, 96 A.3d at 372); PCRA Court Opinion, 5/30/17, at 4-5 (relying on ***Joseph***, ***supra***, the PCRA court found, "Upon review, the [presiding judge] entered a sentencing order in this matter on December 29, 2003 and [Appellant]'s sentence was accurately docketed.").

In light of the foregoing, we conclude Appellant is not entitled to any relief on his *habeas corpus* claim.

Finally, Appellant argues the PCRA court erred in not addressing his "newly-discovered fact" claim, which, as noted, was raised in his second PCRA petition. A review of the record indicates that Appellant did not pursue the

claim before the PCRA court, despite having multiple opportunities and the time to do so. Among other things, Appellant did not raise the second PCRA petition issue in his response to the PCRA court's Rule 907 notice, and did not file a Rule 1925(a) statement. The issue is therefore waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Paddy**, 15 A.3d 431, 446 (Pa. 2011) ("[f]ailure to raise an issue before the PCRA court results in waiver."); **Commonwealth v. Pitts**, 981 A.2d 875, 879 (Pa. 2009) (Defendant waived his appellate argument challenging the adequacy of PCRA counsel's no-merit letter, where defendant failed to raise the issue within the 20-day period provided by rule to file a reply before the court dismissed the post-conviction petition).

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Strassburger concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/18